IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ASH GROVE CEMENT COMPANY, a        )
Delaware corporation,              )
                                   )
                Plaintiff,         )        Civil Case No. 09-239-KI
                                   )
        vs.                        )        OPINION AND ORDER
                                   )
LIBERTY MUTUAL INSURANCE           )
COMPANY, a Massachusetts insurance )
company, TRAVELERS INSURANCE       )
COMPANY, a Connecticut insurance   )
company; HARTFORD ACCIDENT and     )
INDEMNITY COMPANY, a Connecticut   )
insurance company; and UNITED STATES )
FIDELITY & GUARANTY COMPANY,       )
a Maryland insurance company,      )
                                   )
                Defendants.        )
                                   )
_____)

        Michael E. Farnell
        Spencer S. Adams
        Parsons Farnell & Grein, LLP
        1030 SW Morrison Street
        Portland, Oregon  97205

            Attorneys for Plaintiff

Kevin G. McCurdy
McCurdy & Fuller
4300 Bohannon Drive, Suite 240
Menlo Park, California  94025

Kimberly R. Griffith
Thomas M. Christ
Cosgrave Bergeer Kester, LLP
805 SW Broadway, 8th Floor
Portland, Oregon  97205

    Attorneys for Defendant Liberty Mutual Insurance Company

David E. Prange
Sean W. Carney
Prange Law Group, LLC
111 SW Fifth Avenue, Suite 2120
Portland, Oregon  97204

    Attorneys for Defendant Hartford Accident and Indemnity Company

Thomas A. Gordon
Andrew S. Mosses
Gordon & Polscer, LLC
9755 S. W. Barnes Rd., Suite 650
Portland, Oregon  97225

    Attorneys for Defendant United States Fidelity & Guaranty Company


KING, Judge:

    This is an insurance coverage case which was removed to federal court by a defendant

added to the action in the First Amended Complaint.  Before the court is Plaintiff Ash Grove

Cement Company's Motion to Remand (#12).  For the reasons below, I deny the motion.

## FACTS

On January 27, 2009,[1] plaintiff filed a Complaint in Multnomah County Circuit Court against defendants Liberty Mutual Insurance Company, Travelers Insurance Company, and Hartford Accident and Indemnity Company.  The Complaint alleged that Travelers Insurance Company was the successor-in-interest to the policies issued to plaintiff by United States Fidelity & Guaranty Company ("USF&G") but did not name USF&G as a defendant.  Because plaintiff had some questions about whether USF&G was still responsible for the policies, plaintiff served USF&G's registered agent with a Summons and a copy of the Complaint on January 30. Plaintiff did not serve Travelers Insurance Company because it did not have a registered agent in Oregon.

USF&G's counsel contacted plaintiff's counsel to discuss the fact that USF&G was related to The Travelers Companies, Inc., a different entity than the Travelers Insurance Company named in the Complaint.  On February 18, plaintiff filed a First Amended Complaint which added USF&G as a named defendant and corrected some of the related allegations. USF&G was served with the First Amended Complaint on February 19.

USF&G filed a Notice of Removal ("Notice") with this court on February 27.  The Notice included the Complaint without its exhibits, the First Amended Complaint with its exhibits, but did not include the Summons.

Plaintiff filed this Motion to Remand on March 13.  On March 18, USF&G moved for leave to file a First Amended Notice of Removal ("Amended Notice").  The Amended Notice contained the Summons, the Complaint and its exhibits, and the First Amended Complaint and

---

[1] All dates are in 2009.

its exhibits.  Because of the time constraints explained by USF&G in its motion, I provisionally

allowed USF&G to file the Amended Notice, which it did on March 18, but I expressly made no

determination on whether the filing was effective.  I also asked for briefing on a defendant's right

to amend a notice of removal.

## DISCUSSION

I.    Judicial Notice

Plaintiff argues that USF&G is judicially estopped from denying that the removal period

began on January 30, as it stated in the Notice.  In the Amended Notice, USF&G states that there

was no operative complaint as to USF&G until it was served with the First Amended Complaint

on February 19.  Based on the February 19 service date, USF&G states that the Notice is timely.

Judicial estoppel is an equitable doctrine invoked in the discretion of the court that

protects the integrity of the judicial process by "prohibiting parties from deliberately changing

positions according to the exigencies of the moment."  New Hampshire v. Maine, 532 U.S. 742,

749-50, 121 S. Ct. 1808 (2001) (internal quotation omitted).

I decline to apply judicial estoppel to this situation because I do not believe that USF&G

was acting in disregard to the integrity of the judicial process.  Rather, it was trying to correct an

inadvertent mistake.  Thus, I will address the ability to amend a notice of removal under these

circumstances.

II.    First-Served Defendant Rule

Plaintiff contends that the Notice filed by USF&G was defective under 28 U.S.C.

§ 1446(a) because it failed to include the exhibits to the Complaint and the Summons.  USF&G

does not dispute this argument.  The issue before me is whether the defective Notice could be

amended at the time USF&G filed the amendment.

Page 4 - OPINION AND ORDER

Plaintiff argues that USF&G could have amended its Notice to cure any procedural defects during the 30-day period after it was served with the Complaint, starting on January 30, even though USF&G was not a named defendant in the Complaint.  Plaintiff relies on the first-served defendant rule which provides that the 30-day removal period begins for all defendants on the first day any defendant was served.

USF&G agrees that it can amend its Notice within the 30-day statutory period but argues that this period did not begin until February 19, the day USF&G was served with the First Amended Complaint which is the first complaint in which USF&G is a named defendant. According to USF&G, a party has no right to remove an action until it is named as a defendant. If this does not occur until an amended pleading is filed, USF&G claims that the 30-day period for removal does not begin until that later filing.

Thus, the issue before me is whether to apply what has become known as the first-served defendant rule under which the 30-day removal period starts for all defendants when the first defendant is served.  Plaintiff argues in favor of adopting the rule.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1447(b).

The removal statute is strictly construed..  Any doubt about the right of removal requires the court to remand the action.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).

The Ninth Circuit has noted the split between the circuits on whether to apply the first-served defendant rule, but has yet to rule on the issue. United Computer Systems, Inc. v. AT&T Corp., 298 F.3d 756, 762-63 n.4 (9th Cir. 2002). I am persuaded by what has been called the minority position and decline to adopt the first-served defendant rule:

> Furthermore, as a matter of statutory construction, holding that the time for removal commences for all purposes upon service of the first defendant would require us to insert "first" before "defendant" into the language of the statute. . . . We are naturally reluctant to read additional words into the statute, however. If Congress had intended the 30-day removal period to commence upon service of the first defendant, it could have easily so provided. For that reason, and as a matter of fairness to later-served defendants, we hold that a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants.

Brierly v. Alusuise Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999), cert. denied, 528 U.S. 1076 (2000); see also Marano Enterprises of Kansas v. Z-Teca Restaurants, 254 F.3d 753, 755-57 (8th Cir. 2001) (later-served defendants have 30 days from the date of service on them to file a notice of removal, based on the holding in Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), that the time to remove does not begin to run until a defendant is formally served).

Plaintiff relies on my earlier case, Employers-Shopmens Local 516 Pension Trust v. Travelers Casualty and Surety Company of America, Civ. No. 05-444-KI, 2005 WL 1653629 (D. Or. 2005), in which I concluded in dicta that any defect in removal procedure must be cured within the 30-day removal period or it is fatal to the removal. Id. at *4. That case, however, did not concern the application of the first-served defendant rule because all defendants were served the amended complaint on the same day. I am making no determination in this case on whether a defendant may cure a procedural defect in the notice of removal outside of the statutory 30-day period.

USF&G was served with the First Amended Complaint on February 19 and filed the

Amended Notice on March 18, which is within the 30-day period for removal provided by the

later-served defendant rule.  Accordingly, the Amended Notice is effective.  Plaintiff does not

argue that the Amended Notice was defective in any way except for its timing.  Thus, the

removal was procedurally correct and plaintiff is not entitled to a remand back to state court.

### CONCLUSION

Plaintiff Ash Grove Cement Company's Motion to Remand (#12) is denied.

IT IS SO ORDERED.

Dated this _____1st_____ day of May, 2009.


___/s/ Garr M. King_____
Garr M. King
United States District Judge