IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ASH GROVE CEMENT COMPANY**, a Delaware corporation,

          Plaintiff,

vs.

**LIBERTY MUTUAL INSURANCE COMPANY**, a Massachusetts insurance company, **TRAVELERS INSURANCE COMPANY**, a Connecticut insurance company; **HARTFORD ACCIDENT** and **INDEMNITY COMPANY**, a Connecticut insurance company; and **UNITED STATES FIDELITY & GUARANTY COMPANY**, a Maryland insurance company,

          Defendants.

Case No.  09-239-KI

OPINION AND ORDER

    Michael E. Farnell
    Spencer S. Adams
    Seth H. Row
    Parsons Farnell & Grein, LLP
    1030 SW Morrison Street
    Portland, Oregon  97205

Page 1 - OPINION AND ORDER

Daniel A. Zariski
Michael R. Wrenn
Wolfe Wrenn & Zariski
Two Union Square
601 Union Street, Suite 5110
Seattle, Washington  98101

      Attorneys for Plaintiff

Kevin G. McCurdy
McCurdy & Fuller
4300 Bohannon Drive, Suite 240
Menlo Park, California  94025

Kimberly R. Griffith
Thomas M. Christ
Cosgrave Bergeer Kester, LLP
805 SW Broadway, 8th Floor
Portland, Oregon  97205

      Attorneys for Defendant Liberty Mutual Insurance Company

David E. Prange
Sean W. Carney
Prange Law Group, LLC
111 SW Fifth Avenue, Suite 2120
Portland, Oregon  97204

Alan M. Posner
Wayne S. Karbal
Karbal Cohen Economou Silk & Dunne, LLC.
150 S. Wacker Drive, Suite 1700
Chicago, IL  60606

      Attorneys for Defendant Hartford Accident and Indemnity Company

Thomas A. Gordon
Andrew S. Mosses
Gordon & Polscer, LLC
9755 S. W. Barnes Rd., Suite 650
Portland, Oregon  97225

      Attorneys for Defendant United States Fidelity & Guaranty Company

KING, Judge:

Defendant Liberty Mutual Insurance Company ("Liberty Mutual") moves the court for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (doc. # 121). Defendant United States Fidelity & Guaranty Company ("USF&G") moves to join in the motion (doc. # 123).

On September 30, 2010, the court filed an Opinion and Order ("the Opinion and Order") granting plaintiff Ash Grove Cement Company's ("Ash Grove") motion for partial summary judgment and denying the cross motions for partial summary judgment of defendants Liberty Mutual and USF&G (doc. # 116). In the Opinion and Order, the court held that pursuant to the Oregon Environmental Cleanup Assistance Act ("OECAA"), Or. Rev. Stat. § 465.480, defendant insurers had a duty to defend Ash Grove after the United States Environmental Protection Agency ("EPA") made a request for information to Ash Grove pursuant to section 104(e) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9604(e) ("the § 104(e) request").

Defendants move the court for an order certifying the Opinion and Order for interlocutory appeal to the Court of Appeals under 28 U.S.C. § 1292(b), on the ground that the Opinion and Order involves a controlling question of law with substantial grounds for difference of opinion, and that the appeal may materially advance the ultimate termination of the litigation. The three requirements of § 1292(b) are jurisdictional, and the party pursuing the interlocutory appeal bears the burden of demonstrating them. Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010.

## STANDARD

Section 1292(b) is "a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283

Page 3 - OPINION AND ORDER

F.3d 1064, 1068 n. 6 (9th Cir. 2002). Even when all three statutory conditions are met, district court judges have "unfettered discretion" to deny certification. Brizzee v. Fred Meyer Stores, Inc., No. 04-1566-ST, 2008 WL 426510 (D. Or. Feb. 13, 2008) at *3

Certification under § 1292(b) are reserved for "extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation," such as "antitrust and similar protracted cases." United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966), quoted in Brizzee at *4. Section 1292(b) is not "intended merely to provide review of difficult rulings in hard cases." Id.

**DISCUSSION**

A question of law is controlling under § 1292(b) if resolving the question on appeal could materially affect the outcome of the litigation in the district court. In re Cement Antitrust Litig., 673 F.2d , 1020, 1026 (9th Cir. 1982), *aff'd sub nom* Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983). Although the parties dispute whether this case presents a pure issue of law, I find it unnecessary to resolve the dispute because I conclude that defendants have not carried their burden of showing the existence of either substantial grounds for difference of opinion or that an interlocutory appeal could materially advance the ultimate termination of the litigation.

Showing a substantial ground for difference of opinion requires more than a party's disagreement with a court's ruling, and more than the presence of a disputed issue that is a question of first impression. Marsall v. City of Portland, No. 01-1014-ST, 2004 WL 1774532 (D. Or. Aug. 9, 2004) at *5. That settled law might be applied differently does not establish a substantial ground for difference of opinion. Couch, 611 F.3d at 633. A dearth of cases does not constitute substantial ground for difference of opinion. Id.

Defendants assert that the Opinion and Order was the first time a court had ruled on whether a § 104(e) request constituted a "suit" under the OECAA, but a question of first impression is not sufficient to meet the jurisdictional requirements of § 1292(b). See Couch, 611 F.3d at 634 ("[J]ust because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.") (internal citation and quotation omitted). Defendants cite cases from outside Oregon and the Ninth Circuit for the argument that courts in other jurisdictions have not followed reasoning different from mine with respect to § 104(e) requests. But because the issue here involves an Oregon statute, those cases have no application.

Defendants also argue there are substantial grounds for a difference of opinion on whether the use of the word "claims" in the policies indicates an intent to limit the scope of the term "suit." This argument has been rejected by an Oregon court. Certain Underwriters at Lloyd's London & Excess Ins. Co. v. Mass. Bonding & Ins. Co., 235 Or. App. 99, 102, 230 P.3d 103 (2010) (where "suit" is undefined in the policy, no basis for finding intent to limit its scope for purposes of OECAA). There is no case in Oregon that supports defendants' argument. In determining whether a substantial ground for difference of opinion truly exists, a district court must analyze the strength of the arguments in opposition to the challenged ruling. Brizee, 2008 WL at *4 (quoting Ryan, Beck & Co. LLC v. Fakih, 275 F. Supp.2d 393, 396 (E.D.N.Y. 2003). The Lloyd's case vitiates defendants' argument to the point of mortality.

Defendants have not shown that certification of an interlocutory appeal will materially advance the ultimate termination of the litigation. Section 1292(b) certification "merely trades one federal forum for another." Couch, 611 F.3d at 634. Federal rulings on state law issues

Page 5 - OPINION AND ORDER

generally do not affect the state's law, because state courts are not bound by the decisions of the lower federal courts. Id. I conclude, therefore, that an interlocutory appeal of a state law issue to another federal court would not materially advance the ultimate termination of this litigation.

## CONCLUSION

USF&G's motion for joinder (doc. # 123) is GRANTED. The defendants' motion for certification of an interlocutory appeal pursuant to 28 U.S.C § 1292(b)(doc. #121) is GRANTED.

IT IS SO ORDERED.

Dated this     10th     day of January, 2011.

/s/ Garr M. King
Garr M. King
United States District Judge